Case 3:24-cv-00164    Document 32    Filed on 07/21/25 in TXSD    Page 1 of 3

United States District Court
Southern District of Texas

**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| BRETT CANALES, | § § § § § § § § § | |
| Plaintiff. | | |
| V. | | CIVIL ACTION NO. 3:24-cv-00164 |
| KROGER TEXAS LP, | | |
| Defendant. | | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Brett Canales brings this lawsuit against Defendant Kroger Texas LP to recover for injuries that Canales sustained when he slipped and fell on a slippery, foreign substance at a Kroger store in Texas City, Texas. Pending before me is Kroger's motion for summary judgment. *See* Dkt. 30. Canales was served with the motion on June 20, 2025. *See* Dkt. 31. Canales's deadline to respond to the motion was July 11, 2025. It has been more than a week since that deadline and Canales has not responded to Kroger's motion. Having reviewed the motion, the record, and the applicable law, I recommend that Kroger's motion be granted.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019); *see also* FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). In determining whether a fact issue exists, I "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Com. & Indus. Ins. Co. v. Grinnell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002).

"In determining whether there is a genuine dispute as to any material fact, [I] must consider all of the evidence in the record, but [I] do not make credibility determinations or weigh the evidence." *Austin v. Will-Burt Co.*, 361 F.3d 862, 866 (5th Cir. 2004).

"Summary judgment should be granted where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *In re Deepwater Horizon*, 48 F.4th 378, 382 (5th Cir. 2022) (quotation omitted). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (quotation omitted). When a party "fails to properly address another party's assertion of fact . . . , the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3).

## ANALYSIS

Canales asserts two causes of action against Kroger: negligence and premises liability. *See* Dkt. 30-1 at 4–5. Kroger contends that Canales's negligence claim is properly characterized as a premises liability claim. I agree. "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The uncontroverted evidence shows that "[t]here was no ongoing activity when [Canales] was injured." *Id.*; *see* Dkt. 30-2 at 71. Moreover, Canales does not even allege that there was ongoing activity when he was injured. Rather, Canales alleges that he was injured only by "dangerous conditions." Dkt. 30-1 at 3. Thus, I find that Canales asserts only a premises liability claim for a dangerous condition.

>To recover on his premises liability claim, Canales must prove that:
>
>a. the condition posed an unreasonable risk of harm;
>
>b. [Kroger] knew or reasonably should have known of the danger; and
>
>c. [Kroger] failed to exercise ordinary care to protect [Canales] from danger, by both failing to adequately warn [Canales] of the condition and failing to make that condition reasonably safe.

*Albertsons, LLC v. Mohammadi*, 689 S.W.3d 313, 317 (Tex. 2024), *reh'g denied* (June 14, 2024). I will assume without deciding that the condition that caused Canales to slip and fall posed an unreasonable risk of harm. Still, to prevail on his premises liability claim, Canales must prove that Kroger either "(1) put the foreign substance on the floor; or (2) knew that it was on the floor and negligently failed to remove it; or (3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care." *Keetch*, 845 S.W.2d at 265. Because there is no such evidence in the record, Kroger is entitled to summary judgment.

## CONCLUSION

For the reasons discussed above, I recommend that Kroger's motion for summary judgment (Dkt. 30) be granted.

The parties have 14 days from service of his Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED on this 21st day of July 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE